21651. ZIPPERER v. THE STATE.

DECIDED SEPTEMBER 4, 1931.

*Judson Andrews, P. S. Etheridge,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, John H. Hudson,* contra.

LUKE, J. The indictment charged that the accused designedly, by color of a counterfeit check, which was set out in the indictment, obtained from The Great Atlantic and Pacific Tea Company $22. On conviction the defendant made a motion for a new trial, which was overruled, and on this ruling he assigns error. The evidence shows that the defendant was manager of the meat department in a store of the company named, and that he put three counterfeit checks in its cash-drawer. His contention is that he

did this to cover up previous shortage and did not obtain any money thereby. V. D. Young testified that· "he [the defendant] stated to me that he wrote them and put them in the cash-drawer and took out the money, . . that he put in the checks and took out an equivalent sum of money." The defendant's statement at the trial is not entirely comprehensible. Our interpretation of it is that the defendant by his statement claims that there was a ·shortage of $15, due to a misappropriation of funds by his assistant, for whom he was responsible; that he put in one check for $15 to take up this shortage in his register; and that thereafter he put in three more counterfeit checks with fictitious names signed to them for the respective sums of $22, $20, and $28. He does not claim that his helper stole more than $15, but states that the helper was discharged the following week. The defendant admits putting in the counterfeit checks and admits that he took cash from the register. He introduced no evidence that contradicted the State's evidence that the defendant "wrote them and put them in the cash drawer and took out the money, . . that he put in the checks and took out the equivalent sum of money." The evidence shows that these checks were turned in by the defendant to the company in lieu of money that he owed the company. The evidence was sufficient to authorize the jury to find that he designedly, by color of a counterfeit check obtained money from the company mentioned, with intent to defraud the company. After so obtaining it, it matters not how he used it, whether to cover a previous shortage or otherwise.

The special grounds of the motion .for a new trial are partly amplifications and partly repetition of the general grounds. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*